E-FILED
Wednesday, 10 May, 2006  02:08:29 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOHN W. ROGERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 06-3082 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Petitioner John W. Rogers' Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (d/e 1) (Petition); Motion for Production of Documents and for an Extension of Time to Complete § 2255 Motion (d/e 2) (Motion for Production); and Motion and Affidavit in Support of Request to Proceed In Forma Pauperis (d/e 3)(IFP Motion). The Court will first address Rogers' Motion for Production and his IFP Motion and then turn to Rogers' habeas Petition.

On February 17, 2006, Rogers filed in his underlying criminal case a document entitled "Administrative Remedy Procedure for Inmates Informal Resolution Form," asking the Court to vacate his sentence. See Case No.

1

99-30011, <u>Motion to Vacate Sentence (d/e 26)</u>. By a Text Order dated February 21, 2006, this Court stated as follows:

> This Court lacks jurisdiction to consider a request to vacate the Defendant's sentence except by a motion made pursuant to 28 U.S.C. Sec. 2255. The Defendant is directed to inform the Court by March 31, 2006, whether he wishes the Court to consider the Document to be a motion made under 28 U.S.C. Sec. 2255. If the Defendant wishes the Document to be considered a Sec. 2255 motion, he should supplement the Document with any additional material that he wishes the Court to consider. The Court warns the Defendant that motions made under Sec. 2255 are subject to a 1-year statute of limitations, must be supported by evidence and must contain all of the Defendant's grounds for challenging his conviction and sentence.

Case No. 99-30011, <u>Text Order entered 2/21/06</u> (emphasis in original). On April 3, 2006, Petitioner then filed a Motion for Extension of Time Pursuant to Federal Rules of Appellate Procedure Rule 26(b)(Case No. 99-30011, d/e 27), which the Court granted. The Court gave Petitioner until April 28, 2006, to inform the Court whether he wished the Court to treat his Administrative Remedy Procedure for Inmates Informal Resolution Form as a Motion under 28 U.S.C. § 2255. The Court further directed Petitioner to file any additional material in support of his Motion by April 28, 2006.

On April 27, 2006, Petitioner filed two Motions -- Motion for Production of Documents and for an Extension of Time to Complete 2255

Motion and Motion and Affidavit in support of request to proceed IFP -- in which he indicated that he wanted the document entitled Administrative Remedy Procedure for Inmates Informal Resolution Form to be considered a Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. § 2255.[1]  He further asked the Court to furnish him with parts of his record on file, free of charge, based on his indigent status and to give him additional time to complete his § 2255 Petition.

The Court, however, does not believe that it is in the position to grant Petitioner's other requests.  In light of the Supreme Court's decision in Castro v. United States, before construing Petitioner's Administrative Remedy Procedure for Inmates Informal Resolution Form as a § 2255 motion, this Court not only warned Petitioner that motions made under § 2255 must be supported by evidence and must contain all grounds for challenging Petitioner's conviction and sentence, but also granted him leave to file any supporting documents by April 28, 2005.  See Castro, 540 U.S. 375, 376 (2003) ("A federal court cannot recharacterize a *pro se* litigant's motion as a first § 2255 motion *unless* it first informs the litigant of its

---

[1] The Court notes that Petitioner does not need IFP status simply to proceed with a § 2255 motion because there is no filing fee and no service requirement.

3

intent to recharacterize, warns the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provides the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."). Petitioner, however, failed to heed this Court's warning because he has not filed any additional materials to support his Petition. After having failed to comply with this Court's Text Order, it appears that Petitioner is now trying to buy more time to find other ways to challenge his conviction and sentence. Neither § 2255 nor the Rules Governing § 2255 proceedings authorize such extension of time. The Court, thus, denies Rogers' Motion for Production of Documents and for an Extension of Time to Complete § 2255 Motion, and his Motion and Affidavit in Support of Request to Proceed In Forma Pauperis.

The Court allowed Rogers' request to treat his Administrative Remedy Procedure for Inmates Informal Resolution Form as a § 2255 motion. See Case No. 99-30011, Text Order entered 5/2/06. The Court turns to its initial consideration of Rogers' Petition under Rule 4 of the Rules Governing § 2255 Proceedings. On September 23, 1999, Rogers entered an open plea of guilty to Counts 1 and 2 of the Indictment. See Case No. 99-30011,

4

Indictment (d/e 1). On January 31, 2000, this Court sentenced Rogers to 100 months imprisonment on Counts 1 and 2, to run concurrently. Rogers was ordered to serve a term of 3 years of supervised release on Count 1, and 5 years of supervised release on Count 2, to run concurrently. Judgment was entered on February 1, 2000. Rogers did not appeal his conviction or sentence. Accordingly, his conviction became final 10 days after this Court entered its February 1, 2000, Judgment. Fed.R.App.P. 4(b)(1)(A)(i).

Rogers now seeks to collaterally attack his sentence by relying on the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). In Booker, the Supreme Court held that the federal sentencing Guidelines are no longer binding on the Court. Id. However, they remain a factor for the Court to consider in sentencing. United States v. Williams, 410 F.3d 397 (7th Cir. 2005). Moreover, the Seventh Circuit has held that "*Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005." McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005). Rogers' conviction became final on February 11, 2000, which is well before the Supreme Court issued its Booker opinion. As such,

Rogers' challenge of his sentence based on <u>Booker</u> is without merit.[2] Because Rogers' Petition only invokes <u>Booker</u> as a means of challenging his sentence under § 2255, it is summarily dismissed according to Rule 4 of the Rules Governing § 2255 Proceedings.

THEREFORE, for the reasons set forth above, Petitioner John Rogers' Motion for Production of Documents and for an Extension of Time to Complete § 2255 Motion (d/e 2), and his Motion and Affidavit in Support of Request to Proceed In Forma Pauperis (d/e 3) are denied. Rogers' Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (d/e 1) is DISMISSED. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: May 9, 2006.

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that it appears that Rogers' Petition is also time-barred. In a Text Order dated February 21, 2006, Case No. 99-30011, this Court warned Petitioner that motions made under § 2255 are subject to a 1-year statute of limitations. In his Petition, Rogers makes no argument as to why his Petition is not time-barred. Generally, absent certain exceptions, a petition for habeas relief must be filed within one year from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255. In this case, Rogers' conviction became final on February 11, 2000, and so his habeas Petition is untimely.